HAL C. SMITH

*v.*

STATE OF ILLINOIS.

*Opinion filed December 22, 1916.*

MILITARY SERVICE—*when award will be made for injuries received in.* A member of the Illinois Naval Reserve who is injured in the service of the State under orders from the Commander-in-Chief is entitled to an award in the Court of Claims.

Cecil Page, for Claimant.

P. J. Lucey, Attorney General, for Claimant.

The claimant in this case was a young man at the time of the accident, and was regularly enlisted as a seaman in the Third Division of the Illinois Naval Reserve, a part of the organized military force of the State, and was under the rules and regulations covering military bodies. He was required to render obedience to all orders of his superior officers, and a part of the duties of the Naval Reserve consisted in taking cruises on Lake Michigan, and the other Great Lakes.

On or about June 28, 1914, he was ordered by Captain Edward A. Evers, Commanding Officer of the Naval Reserve, which he was enlisted with, in the Third Division as a seaman, to go on a cruise on the United States Steamship "Dubuque," and claimant was ordered to and did serve as a seaman on board said ship from June 28, 1914, until on or about September 10, 1914. His particular duty on board said ship during the cruise, was working on what is called an ash hoist, being a shaft extending from the floor of the fire-room, through the deck of the ship, by which was hoisted ashes from the fire room to the deck of thes hip, by means of a rope operated over a pulley. The pulley was located in the hoist about twenty-six feet above the fire room floor and about six feet above the deck. On the end of the rope in the fire room was fastened a sack used as an ash carrier. The other end was extended upward passing over a pulley in the hoist and then about twenty feet aft to a drum, looped around the drum and there held and pulled by a seaman. The drum was operated by an electric motor which revolved the drum during the hoisting, while the sack was being emptied and while the sack and rope were being returned to the fire room for the purpose of repeating the operation. On or about July 3, 1914, claimant was stationed on the deck at the hoist for the purpose of receiving and disposing of the ashes when lifted as aforesaid from the fire room to the deck and returning the sack and rope to the fire room as aforesaid. When a sack reached the deck, the seaman holding the

end of the rope, after passing around the drum, would release the tension and thereby permit the drum to continue to revolve without gripping the rope and raising the sack of ashes higher. After the ashes were disposed of by claimant, during one of these operations on the last named date, July 3, 1914, claimant using due care for his own safety, dropped the empty sack to the fire room and was in the act of pulling down the rope for the purpose of repeating the operation, when suddenly the rope became tightened on the revolving drum, and jerked the fingers and hand of claimant into the pulley, destroying the first joint of the second finger, breaking open joint in the second finger of the left hand, pulled the second joint out of the socket and otherwise injured the hand, resulting in the loss of the use of the first two joints of the finger.

At the time of, or just prior to his injury, he was earning $14.00 per week. He was injured on July 3, 1914, and continued in the service of the Illinois Naval Reserve until some time about September 10, 1914, during all of which time he received about $56.00 from the State, as payment for cruising, resulting in a loss to the claimant of salary during that time in the amount of $84.00.

The State admits all the facts alleged in claimant's declaration, and admits that claimant under the law of the State of Illinois, as cited in the brief, is entitled to a recovery, but contends that claimant should not be awarded a large amount or the amount he claims, to-wit: $2,000.00.

Considering the injury, that is was the second finger of the left hand, and the manner in which it was sustained, we are of the opinion that claimant is entitled to an award. An award is therefore made to the claimant in the sum of $400.00.